**Frederick HUGHES, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 04–3118.

United States Court of Appeals, Federal Circuit.

July 22, 2004.

Frederick Hughes, of Counsel, Albany, GA, for Petitioner.

Steven M. Mager, Principal Attorney, Bryant G. Snee, David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondent.

Before NEWMAN, LOURIE, and DYK, Circuit Judges.

PER CURIAM.

Mr. Frederick Hughes appeals the decision of the Merit Systems Protection Board, Docket No. AT0752010879–I–1, sustaining a 45–day suspension from his position with the Social Security Administration. We *affirm.*

## BACKGROUND

Mr. Hughes is a claims representative for the SSA, working in Albany, Georgia. On May 22, 2001 he received a letter of reprimand for engaging in disruptive behavior. The next day, as the facts were found by the MSPB, Mr. Hughes told a coworker, Janice Green, that he was upset by the reprimand, which he viewed as harassment. He told Ms. Green that he suffered from post-traumatic stress disorder, and that he might "lose it" and "could go home, get an AK–47, come into the office, and blow up a few heads," as the coworker reported his comments to Mr.

Hughes's supervisor, Howard Garrison. Mr. Garrison alerted the Federal Protective Services and the Albany police department, and posted an additional guard at the office. He placed Mr. Hughes on paid administrative leave and directed him to contact the Employee Assistance Program for counseling. Mr. Garrison did not inform other employees of Mr. Hughes' statements.

On June 16, 2001 a licensed social worker wrote Mr. Garrison that Mr. Hughes was ready to return to work and would not be a danger in the workplace. Mr. Hughes returned on June 27, 2001. That same day, the SSA issued a proposal to suspend Mr. Hughes without pay for 45 days, charging that his comments constituted threatening conduct and resulted in anxiety and disruption. Mr. Hughes appealed to the MSPB. After a hearing the administrative judge (AJ) affirmed the suspension, and the full Board denied review. This appeal followed.

## DISCUSSION

■ A decision of the MSPB must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *United States Postal Serv. v. Gregory*, 534 U.S. 1, 6, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001).

Mr. Hughes states that the facts do not support a 45–day suspension, for his comments to Ms. Green on May 23, 2001 did not rise to the level of threat in accordance with the criteria of *Metz v. Dep't of the Treasury*, 780 F.2d 1001 (Fed.Cir.1986). The court in *Metz* held that assertedly threatening conduct is evaluated from the viewpoint of the reasonable person, taking into consideration the speaker's intent, the

nature of the statements made, the listener's reaction, apprehension of harm, and the attendant circumstances. *Id.* at 1004.

Both Ms. Green and Mr. Garrison testified that they perceived Mr. Hughes' comments as a threat and that they reacted accordingly. The AJ found that Mr. Hughes' statements conveyed that he could bring an AK–47 to the workplace if he wanted to and that he had the means to do so. The AJ also found that Mr. Hughes intended to convey how upset he was and what the consequences of the harassment could be. The AJ found that Ms. Green had reason to believe the threat was real since Mr. Hughes had presented himself not as a rational person, but as someone suffering from post-traumatic stress disorder who could "lose it." The AJ found that Mr. Hughes' use of the word "could" instead of "would" did not render the threat "conditional."

Mr. Hughes proposed an alternative version of events, in which he did not mention an AK–47 but only said that he "felt like" he had post-traumatic stress disorder in view of the unjust reprimand. The Board found Ms. Green's testimony more credible as to what was said. Findings as to witness credibility are "virtually unreviewable." *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986). Mr. Hughes points out that several of his coworkers testified that they did not feel threatened by him or his statements; the Board gave little weight to this testimony, for the witnesses had not been present during the conversation with Ms. Green.

Mr. Hughes also argues the mitigating circumstance that his pregnant wife was employed in the same office and that he was worried about her health. The AJ concluded that this did not rule out the possibility that Mr. Hughes made remarks that a reasonable person would have

viewed as a threat, and sustained the 45–day suspension, taking note of the agency's testimony that it wanted to stress the seriousness of the infraction. The holding was supported by substantial evidence on the record as a whole, and is affirmed.

■ Mr. Hughes states that the penalty was unduly severe, citing *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280 (1981). The agency states that the *Douglas* factors were fairly considered and applied, and points out that it could have terminated Mr. Hughes' employment, but believed that he could be rehabilitated. We do not discern abuse of discretion in the choice of penalty as imposed by the agency and sustained by the Board.